UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ERIC LLOYD HERMANSEN     Petitioner

v.     Criminal Action No. 3:20-CV-515

ANNA VALENTINE, WARDEN     Respondents
ANDY BESHEAR, GOVERNOR

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Petitioner, Eric Lloyd Hermansen ("Hermansen") objects to the Magistrate Judge's Report and Recommendation ("R&R") [DE 17], denying his motion for default judgment ("Motion for Default Judgment"), motion for sanctions ("Motion for Sanctions"), motion to strike response ("Motion to Strike") and petition for habeas relief ("Petition"). The Respondents did not respond to Hermansen's objections [DE 18] ("Objections"), and the time for doing so has passed. For the reasons below, Hermansen's Objections are **OVERRULED**.

    **I.**     **BACKGROUND**

Hermansen was convicted of murder and sentenced to life imprisonment in 1997. *Hermansen v. Com.*, No. 2012-SC-000297-MR, 2013 WL 2296309, at \*1 (Ky. May 23, 2013). He is in custody at the Kentucky State Reformatory ("KSR"), which is in Oldham County, in the Western District of Kentucky.

Hermansen filed a Petition for habeas relief under 28 U.S.C. § 2241 asserting that health issues coupled with his age put him a higher risk of severe illness if he contracts COVID-19. [DE

1].[1] As grounds for his Petition, Hermansen states that he has been "diagnosed with Hepatitis C and treated with interferon with ribovarium [ribavirin] after confirmation of Stage 4 HCV [hepatitis C virus]." [DE 1 at 7]. Hermansen attaches a report from a 2003 liver needle biopsy. [DE 1-6]. Hermansen was born in 1962. [DE 1 at 4, 6].

Hermansen claims that "no where [sic] under the U.S. Constitution or the 14th Amendment are Respondents authorized to subject [Petitioner] to a death sentence without due process of law -- and -- there is no process due that can legally be employed by Respondents to forcibly subject him to contracting COVID-19." [DN 1 at 10]. He also argues that the Due Process Clause of the Fifth Amendment as incorporated against the states by the Fourteenth Amendment makes it "illegal for Respondents and the Commonwealth of Kentucky to require further execution of his sentence by forcibly subjecting him to become infected with COVID-19 and potential death due to his liver disease." [DN 14 at 1]. Additionally, Hermansen claims that Due Process requires his immediate release "equally as those currently having been released under the Respondents' and Governor Beshear's concession of the same by ordering the release of other prisoners." [DN 14 at 12-13].

Hermansen's Petition was referred to Magistrate Judge King, who issued a Report and Recommendation. [DE 5]. The Magistrate Judge recommended that the Court deny Hermansen's Petition because it lacks merit and because Hermansen's claims are subject to dismissal for failure to exhaust available state court remedies. [DE 17]. The Magistrate Judge recommended

---

[1] The Sixth Circuit's opinion in *Taylor v. Owens*, No. 20-5648 (6th Cir. March 9, 2021), came out as of the time of this Order. There, the Sixth Circuit held: "Section 2255(e) limits district courts' subject-matter jurisdiction. A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." Based upon the information before the Court, *Taylor* appears to be inapplicable.

Hermansen's remaining motions be denied. *Id*. Hermansen objects to the Magistrate Judge's recommendations. [DE 18].

## II.   STANDARD

### a.   Standard of Review for the Report and Recommendation

A district court may refer a motion to a magistrate judge to prepare a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "A magistrate judge must promptly conduct the required proceedings . . . [and] enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). This Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court need not review under a *de novo* or any other standard those aspects of the report and recommendation to which party makes no specific objection and may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Thomas v. Arn*, 474 U.S. 140, 149–50, 155 (1985).

A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted). The court does not permit a general objection that fails to identify specific factual or legal issues from the R&R as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

### b.   Standard for Relief under 28 U.S.C. § 2241

A petition under § 2241 is appropriate when a prisoner is challenging the execution of his sentence. *See Montez v. McKinna,* 208 F.3d 862, 864-865 (10th Cir. 2000) (since the state prisoner

is attacking the execution of his sentence the petition should be filed under § 2241 not § 2254); *see also United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991) (if a federal prisoner seeks to attack the execution of his sentence, he should file a 2241 petition rather than a 2255 motion); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 76-77 (6th Cir. 1997). But a § 2241 petition is properly filed in the district where the prisoner is confined, not the district where he was convicted. *Montez*, 209 F.3d at 865; *Jalili*, 925 F.2d at 893-94.

The Supreme Court has long recognized that the government has a constitutional obligation to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994) (citations omitted). As part of this duty, officials must "take reasonable measures to guarantee the safety of the inmates." *Id*. (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984)). For prisoners incarcerated following a conviction, the government's obligation arises out of the Eighth Amendment's prohibition on cruel and unusual punishment. *See Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013). For pretrial detainees, the obligation arises out of the Due Process Clause of the Fifth or Fourteenth Amendment. *See id.*

Courts assess conditions-of-confinement claims under the "deliberate indifference" framework. *See id*. This framework requires plaintiffs to meet two requirements. The first is "objective[ ]," and it requires the inmate to "show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 833, 114 S. Ct. 1970 (citing *Helling v. McKinney*, 509 U.S. 25, 35, 113 S. Ct. 2475, 125 L.Ed.2d 22 (1993)). The second is "subjective," and it requires the inmate to "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then

4

disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837, 114 S. Ct. 1970). The official must have a subjective "state of mind more blameworthy than negligence," like criminal recklessness. *Farmer*, 511 U.S. at 835, 839–40, 114 S. Ct. 1970.

### III. DISCUSSION

Hermansen objects to the Magistrate Judge's citation to *Cameron v. Bouchard*, No. 20-1469, 2020 WL 3867393 (6th Cir. 2020). Hermansen argues *Cameron* does not apply to his Petition because he is not making an eighth Amendment claim. [DE 18 at 168]. In citing *Cameron*, the Magistrate was pointing out that the government's obligation to prove humane conditions of confinement after conviction fall under the Eighth Amendment, not the Due Process Clause as Hermansen insists. The Due Process Clause applies to conditions of confinement *pretrial*. The Magistrate was making this point because Hermansen argued in his briefing that he is not making a claim under the Eighth Amendment, as made in *Blackburn v. Noble*, No. 3:20-CV-00046-GFVT, 2020 WL 4758358, at *4 (E.D. Ky. Aug. 17, 2020) (citing 28 U.S.C. § 2254(b)(1)). Instead, Hermansen insists his claim is under the Due Process Clause. The Magistrate was pointing out that Hermansen tries to use the standard for pretrial detainees as opposed to prisoners incarcerated after conviction, because that standard might be easier as it may not require Hermansen to prove the second subjective prong of the deliberate indifference test. But this standard does not apply. The Magistrate Judge is correct, because Hermansen is a convicted prisoner, the test applicable to Hermansen's claim is under the Eighth Amendment, not the Due Process Clause. *Cameron v. Bouchard*, 815 F. App'x 978, 984 (6th Cir. 2020). Hermansen's objection on this point is overruled.

Hermansen objects to what he claims is the Magistrate Judge's "minimalization of [Hermansen's] evidence . . ." and argues that Respondents did not present evidence that he does not have cirrhosis of the liver, is not at risk for liver cancer, or that there are no high mortality rates because of COVID among those with cirrhosis of the liver. [DE 18 at 165]. Hermansen claims under *Yates v. Mammoth Cave Nat'l Park Assn.*, 55 S.W.2d 348, 349 (Ky, 1932) "exhibits for which a pleading is premised are controlling" and thus "Exhibits F through H regarding to [sic] Hermansen's HCV, cirrhosis and potential for cancer of the liver are controlling in these proceedings and must be taken to mean as they purport to." [DE 18 at 165]. *Yates* involved a civil action to collect a sum allegedly due under a written contract. *Id*. at 348. The complaint was dismissed because of language in the written contract, an exhibit to the complaint. *Id.* at 348-49. The *Yates* court noted that "[i]t is also a well-settled rule in this state that the exhibit upon which an action is based is controlling." *Id*. at 349. The Magistrate Judge stated that Hermansen "provides no medical evidence to support his claim that . . . he might die as a result [of being incarcerated]." [DE 17 at 161]. The Magistrate Judge was not minimizing the exhibits that Hermansen attached to his petition relating to his hepatis C or liver biopsy. These exhibits are limited. The biopsy exhibit is 17 years old and revealed "focal early changes of micronodular cirrhosis (grated 3-4)." The other record revealed that Hermansen asked to be evaluated for cirrhosis but does not include a diagnosis. Even assuming Hermansen has liver cirrhosis, the Magistrate Judge was pointing out that Hermansen did not present medical evidence that would support the first prong the deliberate indifference standard that Hermansen "is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 833. Nor were the Respondents required to produce evidence showing that Hermansen does not have cirrhosis of the liver. This objection is overruled.

6

Hermansen objects to the Magistrate Judge's statement that "there is no authority for [Hermansen's] claim that Due Process is offended by the fact that there is a substantial chance he might contract COVID-19 as a result of being incarcerated and that he might die as a result." Hermansen argues that he cited *People ex rel. Stoughton v. Brann*, 67 Misc. 3d 629, 122 N.Y.S.3d 866 (N.Y. Sup. Ct. 2020) in support. In that case, a New York state trial court[2] held that prison officials failed to take reasonable care to mitigate risk of the pandemic and that temporary release was appropriate from some detainees with conditions making them more vulnerable to COVID. *Id*. at 869-72. The court also held that release was not appropriate for detainees whose age alone or medical conditions did not place them at greater risk. *Id*. But *Stoughton* involved a petition filed by *pretrial detainees* that argued that confinement during the pandemic violated due process, not post-conviction prisoners. And at least one other New York court declined to follow this case. *People ex rel. Lineberger v. Brann*, 68 Misc. 3d 986, 998, 129 N.Y.S.3d 283, 291 (N.Y. Sup. Ct. 2020) ("To the extent that the court in *People ex rel. Stoughton (Jeffrey, et al.) v. Brann et al.*, 67 Misc.3d 629, 122 N.Y.S.3d 866 (Sup. Ct. N.Y. County, Dwyer, J.) found the City's efforts insufficient to avoid a due process violation, at least as to some petitioners, this court respectfully disagrees with that finding and declines to follow it."). Hermansen's objection on this point is overruled.

Hermansen objects to the statement "the Court finds no authority for . . . the fact that other prisoners have been released due to COVID-19 concerns." [DE 18 at 168]. Hermansen argues this Court should take judicial notice that "hundreds if not a thousands of prisoners since April 2020" that have been released because of COVID and that "there has already been the release of vast

---

[2]The State of New York calls its trial courts "Supreme Courts," the intermediate courts "Appellate Divisions" of the Supreme Courts, each constituting a "Department," and its highest court the New York Court of Appeals. The case cited by Hermansen is from one of New York State's trial courts of general jurisdiction, the equivalent to Kentucky's circuit courts.

7

number [sic] of similarly situated prisoners." [DE 18 at 168-69]. But even though the Magistrate Judge found no support for Hermansen's statement that other prisoners have been released for COVID concerns, the Magistrate Judge addressed Hermansen's argument. Hermansen states in his petition that he wrote the governor "expressing his concerns about only considering low level felons with higher recidivism rates, rather than aging prisoners with lower recidivism rates, for communication of sentence in light of COVID-19." [DE 1 at 3]. The Magistrate Judge adequately addressed Hermansen's argument, stating, "the fact that [Hermansen] was convicted of murder (a Class A felony), whereas the released prisoners were what Petitioner characterizes as 'low level [Class C and D] felons," and reasoned that this "provides a rational basis for any disparate treatment." [DE 17 at 161. Hermansen also put forth no proof that similarly situated prisoners had been released. Hermansen's objection is overruled.

Hermansen objects to the Magistrate Judge's determination that Hermansen failed to exhaust available state court remedies. [DE 18 at 171]. He claims that he did not have to exhaust his administrative remedies per *Jones v. Bock*, 549 U.S. 199, 211-21 (2007). The Supreme Court held in *Jones* that: (1) an inmate's failure to exhaust under Prison Litigation Reform Act ("PLRA") is affirmative defense and thus an inmate need not specially plead or show exhaustion in his complaint; (2) that inmates' § 1983 actions were not automatically rendered noncompliant with the PLRA exhaustion requirement because not all defendants named in complaints had been named in previous administrative grievances; and (3) the inmate's compliance with the PLRA exhaustion requirement as to only some claims does not warrant dismissal of entire action. *Id.* at 211-21. Hermansen argues that under *Jones* he "need not plead or prove exhaustion of remedies." [DE 18 at 171]. Hermansen is incorrect. *Jones* held that an inmate's failure to exhaust under the PLRA is

8

affirmative defense and thus an inmate need not specially plead or show exhaustion *in his complaint.* Thus, even under Jones exhaustion is mandatory. This objection is overruled.

Hermansen also objects to the Magistrate Judge's finding that he had to exhaust administrative remedies, arguing that there is no requirement that state court remedies be exhausted before seeking relief under 28 U.S.C. 2241. [DE 18 at 174]. The Sixth Circuit has expressly held that the exhaustion doctrine applies to 2241 petitions. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1982). This objection is overruled.

Hermansen also objects to the Magistrate Judge's finding that he failed to exhaust his state court remedies because he claims administrative remedies are unavailable. [DE 18 at 174]. Hermansen raises this argument for the first time in his objections. Hermansen attaches two affidavits in support. [DE 18-1]. If it were in fact true that that Hermansen cannot exhaust his state court remedies, the Court could arguably consider Hermansen's unexhausted claims under the "exceptional" circumstances exception. *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996). While the Court lacks sufficient information to make that determination, the Court need not decide that question as Hermansen's petition fails on the merits.

### IV. CERTIFICATE OF APPEALABILITY[3]

A COA may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the district

---

[3] The Sixth Circuit has held "that the language of § 2253(c)(1)(A) requires certificates of appealability for all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254." *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020).

9

court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

Here, the Court and the Magistrate Judge denied Hermansen's claims on the merits and the Court finds that Hermansen has not "demonstrate[]d that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Hermansen's claims were denied in the alternative on a procedural ground, but Hermansen has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, a COA is not warranted.

## V. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** as follows:

1. Petitioner's Objections [DE 18] are **OVERRULED**.

2. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation [DE 17] is **ADOPTED**.

3. The remaining motions [DE 11; DE 12; DE 13] are **DENIED** as moot;

4. The Court will issue separate judgment.

10

Rebecca Grady Jennings, District Judge
United States District Court

March 10, 2021

11